*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

# MEMORANDUM OPINION

No. 04-08-00075-CR

Jason **GONZALEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 12, Bexar County, Texas
Trial Court No. 964435
Honorable Michael E. Mery, Judge Presiding[1]

Opinion by: Alma L. López, Chief Justice

Sitting: Alma L. López, Chief Justice
Catherine Stone, Justice
Sandee Bryan Marion, Justice

Delivered and Filed: October 15, 2008

AFFIRMED

Jason Gonzalez was convicted by a jury of resisting arrest. On appeal, Gonzalez contends

that the evidence is legally and factually insufficient to support his conviction and that the trial court

abused its discretion in limiting his right to cross-examine a witness. We affirm the trial court's

judgment.

---

[1] The Honorable David Peeples presided over the trial. The Honorable Michael E. Mery signed the judgment.

**BACKGROUND**

Hartford Lem, an officer with the San Antonio Police Department, was standing with two other officers at the Fiesta carnival working to maintain peace and contain the crowd. Officer Lem testified that numerous fights occur at the carnival. Officer Lem heard screaming and turned to see three individuals engaged in a fight. Gonzalez was one of the individuals. The officers approached, told the individuals to stop fighting, and tried to separate them. The officers were in uniform.

As Officer Lem tried to separate the individuals, they continued to fight, and Officer Lem was hit in the side of the head and arm. Because the individuals would not stop fighting, Officer Lem grabbed Gonzalez to take him to the ground so he could cuff him. Because using his baton would not be safe in the crowd of people, Officer Lem tried to use an arm-bar technique. Officer Lem ordered Gonzalez to stop resisting, but he was still kicking and struggling. At trial, Officer Lem demonstrated the manner in which Gonzalez was throwing his arm and elbow back in his effort to resist arrest. Officer Lem testified that Gonzalez pushed off of him numerous times.

On cross-examination, Officer Lem admitted that he was unaware of how the fight started. He did not know if Gonzalez was attacked and was defending himself. All three individuals were arrested and charged with disorderly conduct and resisting arrest.

Tim Fuller, an officer with the San Antonio Police Department, was among the officers working with Officer Lem. Officer Fuller did not see what happened between Officer Lem and Gonzalez because he was dealing with another individual involved in the fight.

Gonzalez's wife, Vanessa, testified that Gonzalez was attacked by three individuals. Gonzalez was knocked to the ground before the officers arrived at the scene. Vanessa stated that Gonzalez did not resist arrest but was only trying to get up.

Gonzalez testified that three guys attacked him. When he was knocked to the ground, Gonzalez just tried to cover himself up. An officer ordered Gonzalez to give him his arm, and he complied. The officer then picked Gonzalez up from the ground. Gonzalez could not understand the reason he was being arrested because he was the one who was attacked.

### SUFFICIENCY OF THE EVIDENCE

In determining the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Vodochodsky v. State*, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). In conducting a factual sufficiency review, this court views all of the evidence in a neutral light and sets aside the verdict only if: (1) the evidence is so weak that the verdict is clearly wrong and manifestly unjust; or (2) the verdict is against the great weight and preponderance of the evidence. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). "[D]ue deference must be accorded the fact finder's determinations, particularly those determinations concerning the weight and credibility of the evidence," and a reviewing court's disagreement "with the fact finder's determination is appropriate only when the record clearly indicates such a step is necessary to arrest the occurrence of a manifest injustice." *Id*. at 9.

Gonzalez contends that the evidence is insufficient to establish that he used force to resist arrest by pushing Officer Lem with his hand as alleged in the indictment. In describing the manner in which Gonzalez was resisting, Officer Lem testified:

> THE WITNESS: I was trying to get his arm, and as I was trying to grab ahold of his arm to start controlling him on the ground, it's like he was trying to prevent me from actually grabbing it by kind of throwing his arm and elbow back to the point where –

Q.      (By Ms. Frazier [prosecutor]) You're making a motion, and this is for the record, that you're moving your arm from front to back, but the elbow's bent?
A.      Yes, ma'am.
Q.      And is that because you were trying to arrest him?
A.      I was trying to arrest him.  I was trying to get control of him, his arm, to actually put him on his back.  I'd say two or three attempts I had to make to actually get ahold of his arm to start bringing it back.
Q.      When he's making this movement, did he ever push off of you?
A.      Numerous times.  Because, like I said, we were right there, close contact.  It did create separation when –
Q.      So he was actually pushing into you?
A.      Yes, ma'am.  He didn't really have anywhere to go in the crowd.  He was contained.

During cross-examination, Officer Lem was again questioned about pushing as follows:

Q.      Now, you said earlier in your testimony, and I'll quote you on this, that you don't recall anybody pushing as far as a means of resisting, correct?
A.      I don't –
Q.      Pushing.
A.      I don't recall an actual push.
Q.      Okay.  And that would be you don't recall an actual push with an arm, correct?
A.      Not a push, no, sir.
Q.      So according to your testimony earlier, and I can quote you on that, is he resisted basically by pulling his arm back.
A.      Not just pulling his arm back.  I pulled his arm back.  He made motions of a backward motion with his arm.
Q.      With his arm in the direction that you're pulling it?
A.      In the direction I wanted to pull it, yes, sir.

On re-direct examination, Officer Lem testified as follows:

Q.      On the night in question when you had the defendant on the ground, can you describe the actions the defendant was taking that would be considered pushing in your eyes.
A.      In my eyes, he was trying to get back up.  You have to push to get yourself back up.  Like I said, it took me a couple attempts to get back his arm just to control it.  He tried to get up off the ground, whatever, two or three times.  But every time the elbow came back, he was trying to get up.  So, in order to get up, you're definitely going to have to push yourself up off of the ground when you're laying on the ground.
Q.      So the defendant's pushing himself off the ground into you?
A.      Yes, ma'am.  To get up off the ground, he has to push up.

It was within the jury's province to weigh this testimony in deciding whether Gonzalez pushed Officer Lem with his hand. From Officer Lem's testimony and the jury's observation of Officer Lem's demonstration of the manner in which Gonzalez was moving his arm in resisting the arrest, a rational trier of fact could have found beyond a reasonable doubt that Gonzalez had pushed Officer Lem with his hand, and the evidence is not so weak that the verdict is clearly wrong and manifestly unjust or against the great weight and preponderance of the evidence. Gonzalez's first issue is overruled.

### IMPEACHMENT

In his second issue, Gonzalez contends the trial court erred in not allowing him to impeach Officer Lem with evidence that the disorderly conduct charge had been dismissed because Officer Lem's memory was not "sufficient enough to establish the charge." In order for Gonzalez to impeach Officer Lem, however, Gonzalez needed evidence that the charge was dismissed. The trial court sustained the State's objection to the impeachment only when Gonzalez's attorney could not present evidence of the dismissal. Given Gonzalez's inability to present any evidence to prove that the disorderly conduct charge had been dismissed or the basis for that dismissal, the trial court did not abuse its discretion by not allowing Gonzalez to impeach Officer Lem on that basis. *See Virts v. State*, 739 S.W.2d 25, 29 (Tex. Crim. App. 1987) (noting "right of cross-examination by the accused of a testifying State's witness includes the right to impeach the witness with relevant *evidence*") (emphasis added).

### CONCLUSION

The trial court's judgment is affirmed.

Alma L. López, Chief Justice

DO NOT PUBLISH